PR 06-0706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 298

————————

| | | |
|---|---|---|
| IN THE MATTER OF JOHN SHONTZ, | ) | OPINION |
| An Attorney at Law, | ) | AND |
| | ) | ORDER |
| Respondent. | ) | |

————————

¶1    Formal disciplinary proceedings were filed in this matter on October 17, 2006. Respondent John Shontz answered on October 26, 2007, asserting, among other things, that his health and well-being had diminished to such an extent that he was unable to provide assistance to his counsel in responding in any way to the allegations of the complaint. He asked to be transferred to disability/inactive status on that basis.

¶2    The Commission on Practice thereafter scheduled and held a confidential hearing to determine Shontz's inability to assist in his defense. The Commission ultimately submitted to this Court a report and recommendation that Shontz's request for a transfer to disability/inactive status be denied. We granted Shontz time to submit objections to the Commission's report and recommendation and, through counsel, he did so. Shontz's position is that, under the plain language of Rule 28 of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE), his transfer to disability/inactive status is automatic upon his assertion that he is unable to assist in his defense in disciplinary proceedings.

¶3    We then issued an order allowing the Office of Disciplinary Counsel (ODC) to submit a response to Shontz's objections, and ODC has done so. ODC points out that the language of Rule 28 was adopted as part of a general revision of the MRLDE in September of 2000. ODC further points out that the MRLDE are borrowed heavily from the ABA Model Rules for Lawyer Disciplinary Enforcement, and that Rule 28, MRLDE, appears to be based on Rule 23 of the Model Rules. The Model Rules provide for formal proceedings to determine whether a lawyer shall be transferred to disability inactive status upon the lawyer's assertion of inability to assist in defense of disciplinary proceedings. The Model Rules further outline

a process under which the disciplinary proceedings are stayed and the lawyer remains on disability inactive status pending such proceedings. If the claim is found to be invalid, the disciplinary proceedings resume and the lawyer is placed on interim suspension.

¶4 Be that as it may, Rule 28, MRLDE, does not contain the provisions found in the Model Rules. Instead, Rule 28A, MRLDE, provides that a lawyer subject to the disciplinary jurisdiction of this Court shall be transferred to disability/inactive status if:

(1) The lawyer asserts an inability to assist in the defense of disciplinary proceedings;

(2) The lawyer is determined, upon hearing, to have a physical or mental condition which adversely affects the lawyer's ability to practice law to the extent that the lawyer is incapacitated from continuing to practice law; or

(3) The lawyer is judicially declared incompetent or involuntarily committed on grounds of incompetency or disability by a court of competent jurisdiction.

Based on the disjunctive nature of subsections (1), (2), and (3) above, and on the plain language of subsection (1), we conclude a lawyer facing disciplinary proceedings in Montana must be transferred to disability/inactive status upon the lawyer's request for such transfer.

¶5 We observe that the Commission does not lose jurisdiction of a disciplinary matter because of a lawyer's transfer to disability/inactive status; rather, Rule 28F, MRLDE, provides that pending disciplinary proceedings shall be deferred during the period of a lawyer's inability to defend, but that such proceedings shall be heard and disposed of as provided in the MRLDE upon reinstatement of the lawyer to active status.

THEREFORE,

¶6 IT IS ORDERED that John Shontz is transferred to disability/inactive status with the Bar of the State of Montana, and that these proceedings are deferred indefinitely.

¶7 The Clerk is directed to provide copies of this Order to all counsel of record, the Clerks of all of the District Courts of the State of Montana, all of the District Judges of the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, the Chairperson of the Commission, and the Executive Director of the State Bar of Montana.

DATED this 2nd day of September, 2009.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE